McHALL *v.* HALL.

1. SALE BY MORTGAGOR TO MORTGAGEE.—Where it is shown that a mortgagee intelligently and voluntarily conveyed to the mortgagor the mortgaged land on the consideration of the mortgage debt and other indebtedness, the deed of conveyance will be sustained.

Before WITHERSPOON, J., Kershaw, February, 1893.

Action by Daniel McHall against H. H. Hall.

*Messrs. A. B. Stuckey* and *J. B. Kershaw,* for appellant.

*Messrs. J. T. Hay* and *W. D. Trantham,* contra.

April 2, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This action in its general features is very much of the same character as that of Louisa Hall *v.* H. H. Hall, the same defendant, ante, which has just been decided by this court; but this case differs from that in several important particulars. The Circuit Judge states the case as follows: "The plaintiff seeks to have a certain deed of conveyance of

187 acres, made by him to the defendant, declared to be a mortgage, and to require the defendant to account for rents and profits, and the value of certain fences, buildings, &c., taken from the place after the execution of the aforesaid deed. The complaint alleges that the plaintiff in January, 1879, executed to the defendant a mortgage of the land in question, to secure the payment of a note for $164.66, with interest at the rate of eighteen per cent.; that this mortgage was running, due and unpaid, when, on January 20, 1881, the plaintiff, in consideration of said mortgage indebtedness, executed an absolute conveyance of said mortgaged land to the defendant; that he is ignorant and illiterate, and was induced to execute said title upon the representations and demand of defendant, to compel plaintiff to execute title to said lands, which at that time were worth $600; and praying that such deed of conveyance *be declared a mortgage,* and the defendant be required to surrender the possession of the premises, to account, &c. The defendant admitted the execution of the note and mortgage by the plaintiff, but denies that he procured the fee-simple deed from plaintiff by threats or fraudulent representations; alleges that plaintiff owed defendant by account, which was embraced in the condition of the deed, in addition to plaintiff's mortgage debt, and prays that the complaint be dismissed, &c."

The issues were referred to O. L. Winkler, Esq., as special referee, who took a great mass of testimony, some of which, he states, was conflicting and, indeed, irreconcilable, and made a full and careful report. It is too long to be inserted here. While holding, in effect, that the deed purporting to convey the equity of redemption was not procured by the fraud or misrepresentations of the defendant, he yet held, apparently on the authority of the equity maxim, *"Once a mortgage, always a mortgage;"* that where the mortgagor, being ignorant of his rights, surrenders his land to the mortgagee, in consideration of the mortgage debt, which is considerably *less* than the value of the mortgaged property, the mortgagor is entitled to equitable relief, even in the absence of any fraudulent intent on the part of the mortgagee—citing *Russell* v. *Southard,* 12 How., 154. And in this view, that the plaintiff was entitled to redeem, the

referee went on to make a full and clear statement as to how, in the view suggested, the account between the parties would stand.

Upon exceptions to this report the case came up for a hearing before his honor, Judge Witherspoon, who, after a careful examination of all the evidence, made a decree, in which he said: "I can not concur in the finding that the plaintiff was ignorant of his rights, but in all other respects the referee's findings as matter of fact are confirmed. I can not concur in the conclusions of the referee as matter of law, that the plaintiff should be allowed to redeem and regain the possession of the land. The defendant has been very properly relieved of the imputation of fraud in procuring the deed from plaintiff. It is not contended that the parties *intended* the deed to operate as a mortgage (there was already a mortgage). The evidence shows that the land was poor, sandy land, chiefly valued for turpentine. It was only appraised at $212.25, in the partition of the estate of plaintiff's father in 1875. The mortgage debt amounted to $249.73, at the date of the deed, to which should be added the $50. * * * The deed, with the renunciation of dower by plaintiff's wife, was recorded, and has stood on the record as a deed since January, 1881. The plaintiff vacated and put the defendant in possession in January, 1882. This action was not commenced until April, 1892, about ten years after the execution of the deed. It appears that the plaintiff was about twenty-nine years of age when he executed the deed to the defendant. It is true that courts will closely scrutinize transactions between mortgagor and mortgagee, to see that no advantage has been taken of the mortgagor. Applying this principle to this case, I can not find from the evidence any ground upon which the plaintiff should be allowed at this late day to redeem the land. I find as matter of fact that the deed of conveyance was a fair *bona fide* transaction between the plaintiff and defendant; and I conclude as matter of law that the plaintiff's complaint should be dismissed," &c.

From this decree the plaintiff appeals to this court upon several exceptions; but, as we think, they may all be considered as condensed and included in *the first,* which is as follows:

"Because his honor erred in not deciding that the deed by the plaintiff to the defendant was not a fair transaction for a new and sufficient consideration, but was made under undue influence and oppression by the defendant mortgagee for a consideration far less than the value of the land, and in overruling the master's report," &c.

We agree that it is very important to scrutinize closely all transactions between mortgagor and mortgagee, touching a sale of the equity of redemption; and in that view, we have read carefully all the evidence in the case, and we feel constrained to say that, in our judgment, the idea of selling outright the mortgaged premises, originated with the plaintiff, a young man in the prime of life, and, although uneducated, still, so far as we know, not deficient, whose subsequent conduct and declarations for a series of years show that he knew the difference between a mortgage and an absolute conveyance, and that he signed the *deed* intelligently and voluntarily. We cannot, therefore, say that the Circuit Judge committed error either in his *findings of fact* or *his rulings of law.*

The judgment of this court is, that the judgment of the Circuit Court be affirmed and the appeal dismissed.